|     |                                        |                                  |
| --- | -------------------------------------- | -------------------------------- |
|     | UNITED STATES DISTRICT COURT           |                                  |
|     | CENTRAL DISTRICT OF CALIFORNIA         |                                  |

| | |
|---|---|
| CHAD RICHIE, | Case No. CV 17-5597-JAK (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| OFFICER-SHERIFF OF L.A. COUNTY, ET AL., | |
| Defendant(s). | |

**I.**

**INTRODUCTION**

On August 2, 2017, Plaintiff Chad Richie ("Plaintiff"), proceeding pro se and in forma pauperis, constructively filed[1] a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 ("Section 1983") against John Doe #1 and John Doe #2 in their individual capacity. ECF Docket No. ("Dkt.") 9, FAC. As discussed below, the Court dismisses the FAC with leave to amend.

///
///

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

## II.
## **PROCEDURAL HISTORY**

On July 27, 2017, Plaintiff constructively filed a Complaint pursuant to Section 1983 against "Officer-Sheriff of L.A. County". Dkt. 1, Compl. at 3. Plaintiff alleged an officer "slammed the cell on [Plaintiff's] back fracturing [his] back." Id. at 5.

On August 2, 2017, Plaintiff constructively filed the FAC against two "John Doe" defendants who are deputy sheriffs at Los Angeles County Jail ("Defendants") in their individual capacity. Dkt. 9, FAC at 2-3. Plaintiff alleges in August of 2016, two deputies at Los Angeles County Jail violated his Eighth Amendment right against cruel and unusual punishment when John Doe #1 "quickly cranked the [cell] door closed on plaintiff's back, causing him to scream out in pain" and "John Doe #2 calmly watched the incident." Id. at 5. Plaintiff alleges the door is a "hand operated heavy steel/iron bar door." Id. at 3. Plaintiff alleges he was taken to the infirmary and treated by a "doctor, nurse, and a psych." Id. Plaintiff seeks (a) $80,000,000.00 in punitive damages; (b) $80,000,000.00 in compensatory damages, and (c) to have "protective measures be implemented in the form of an increased surveillance cameras in all common areas of the county jails; heightened and intense training to prevent such sadistic behavior by its employees." Id. at 6.

## III.
## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the FAC and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation and internal quotation marks omitted). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir.

2008) (citations and internal quotation marks omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.
## DISCUSSION

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980). "However . . ., where the identity of alleged defendants will not be known prior to the filing of a complaint . . ., the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Id.; see also Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

Accordingly, Plaintiff will be given an opportunity to discover the names of the doe defendants and amend his FAC. Plaintiff may request leave to conduct limited discovery in order to discover the names of the doe defendants. However, Plaintiff is cautioned that Federal Rule of Civil Procedure 45 ("Rule 45") provides

4

the exclusive method of discovery on non-parties. In addition, a motion for issuance of a Rule 45 subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. See Davis v. Ramen, No. 1:06-CV-01216-AWI-SKO-PC, 2010 WL 1948560, at *1 (E.D. Cal. 2010). Plaintiff should act diligently in conducting such investigation, as the Court will only grant extensions of time upon a showing of good cause.

Further, Plaintiff is advised that without any named defendants, the Court cannot order service of the complaint. See Augustin v. Dep't of Public Safety, 2009 WL 2591370, at *3 (D. Hawai'i Aug. 24, 2009); see also Soto v. Board of Prison Term, 2007 WL 2947573, at *2 (E.D. Cal. Oct. 9, 2007). Consequently, if Plaintiff files an amended complaint that only names doe defendants, such complaint will be subject to dismissal. See Williams v. Schwarzenegger, 2006 WL 3486957, at *1 (E.D. Cal. Dec. 1, 2006).

## V.
## LEAVE TO FILE A SECOND AMENDED COMPLAINT

For the foregoing reasons, the FAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a Second Amended Complaint to attempt to cure the deficiency discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Second Amended

5

Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint or FAC. In addition, the Second Amended Complaint must be complete without reference to the Complaint, FAC, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a Second Amended Complaint with claims on which relief cannot be granted, the Second Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court**

**is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

Dated: September 7, 2017

　　　　　　　　　　　　　　　　　　HONORABLE KENLY KIYA KATO
　　　　　　　　　　　　　　　　　　United States Magistrate Judge